IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          No. 1:15-cr-10095-JDB-1

DANNY ARSENO WALKER,

    Defendant.

---

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018

---

Before the Court is the February 10, 2020, pro se request of the Defendant, Danny Arseno Walker, for relief pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 365.) On February 12, 2020, Assistant Federal Public Defender LaRonda R. Martin made an appearance on his behalf (D.E. 368) and, on April 13, 2020, filed a notice of completed review of the request, opining that Walker was ineligible for First Step Act relief (D.E. 369). The Court agrees.

On November 18, 2015, Defendant was charged in a multi-count indictment with offenses that occurred in 2014 and 2015 relating to powder cocaine, marijuana, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (D.E. 2.) Pursuant to a guilty plea to one powder cocaine count, he was sentenced on November 1, 2016, to 151 months' incarceration, to be followed by three years of supervised release. (D.E. 297, 300.) He is currently confined in Bureau of Prisons custody.

1

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope is a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a)-(b), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal dismissed,* 2019 WL 6768908 (6th Cir. Nov. 15, 2019). Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010."), *cert. denied*, ___ S. Ct. ___, 2020 WL 873742 (U.S. Feb. 24, 2020).

The crime for which Defendant was convicted involved powder cocaine rather than crack cocaine; thus, it is not a "covered offense" for FSA purposes.  *See United States v. Jones*, No. 19-5433, 2019 WL 5436199, at *2 (6th Cir. Sept. 12, 2019) (defendant not eligible for relief under § 404(b) where he pleaded guilty to and was sentenced for only powder cocaine offenses). Moreover, the crime was not committed prior to August 3, 2010.  As the statute provides Walker no relief, the motion is DENIED.

IT IS SO ORDERED this 20th day of April 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE